### SPENGIN v. FORRY et al.

**Tax deed:** PASSES THE TITLE: EQUITABLE REDEMPTION. Redemption from tax sale must be made within three years from date of sale. It is accordingly *held*, where a purchaser at tax sale, on receiving the deed, enters upon the possession and receives the rents and profits before the recording of the deed, that the intermediate profits thus received cannot be applied to an equitable redemption of the premises from the sale.

*Appeal from Decatur District Court.*

FRIDAY, OCTOBER 10.

ON the 28th day of Frebruary, 1871, the plaintiff filed his petition, alleging that he is the owner of the north-east quarter of the south-west quarter of section twenty-six, township seventy, range twenty-six, under a tax deed dated March 22, 1869, and that he had, at the time of filing his petition, been in possession thereof two years; that on the 8th day of May, 1858, said lands belonged to America Ellis and J. H. Ellis, Margaret Ball and Daniel C. Ball, who, in September, 1857, mortgaged said land to Mancourt Page, to secure an indebtedness; that on the 8th day of May, 1858, said mortgage was

duly foreclosed, and that on the 12th day of August, 1870, said lands were sold to the defendant, Samuel Forry, who took a sheriff's deed therefor, in the usual form, which is recorded, and which is a cloud on plaintiff's title. Plaintiff asks that this sheriff's deed be set aside, and that defendants be barred from claiming title to said lands.

The defendants, Forry and wife, filed an answer and cross-bill, in which they admit that plaintiff claims title to the land under a tax deed, and say that in 1857 America C. Ellis and Margaret Ball owned the land in controversy, and that they, with their husbands, executed the mortgage in said petition stated, which was duly foreclosed, and that defendants claim title to the land by virtue of the sheriff's deed set out in the petition, and a subsequent conveyance from said Margaret Ball.

They allege that plaintiff took and held possession of said land without right, before the recording of his tax deed, and appropriated the rents and profits arising therefrom, to the amount of $300, to his own use, whilst Margaret Ball and America C. Ellis were the owners in fee, and that plaintiff's claim for taxes, interest and penalty, amounting to $50, was more than paid by the rents and profits, before the recording of the tax deed, whereby the lands became equitably redeemed from tax sale; that on the 6th of May, 1871, Margaret Ball and her husband conveyed said land to Samuel Forry, and assigned their claim for damages to him.

The defendant, Samuel Forry, claims to be the absolute owner in fee-simple of said lands ; prays judgment for $300 ; the cancellation of plaintiff's tax deed, and that he be put in possession of the land. On the 13th day of October, 1871, Margaret Ball filed a petition of intervention, setting up substantially the same facts as those alleged in the answer and cross-bill of Forry and wife. A demurrer to the answer, cross-bill and petition of intervention was sustained, and, the parties standing on the pleadings, the court rendered judgment quieting the title to said lands in plaintiff, and decreed said sheriff's deed to Forry void.

Edwards & Beardsley v. Trulock.

The defendants and the intervenor appeal.

*J. B. Morrison* for the appellants.

*J. W. Harvey* for the appellee.

DAY, J. — No objection is made to the entire legality and regularity of the tax sale and deed, nor is it urged that plaintiff obtained possession of the land before he procured his tax deed. The claim is simply this : That the legal title does not absolutely vest in the tax purchaser until he records his tax deed ; that the plaintiff, before he recorded his tax deed, went into possession of the land, and appropriated to his own use the rents and profits to an amount greater than the taxes, interest and penalty due, and that these circumstances worked an equitable redemption from the tax sale. But redemption must be made within three years from the date of sale. Chap. 173, § 13, Laws 1862. At the time possession was taken, this time had expired, and the treasurer's deed had been executed. The owner, then, could not have redeemed directly, by paying the taxes, interest and penalty, to the proper officer, as prescribed in the section above quoted.

And, if redemption could not at that time have been directly effected, *a fortiori*, it could not be done indirectly, by an equitable application of the rents and profits. This is the only question which the appeal presents.

Affirmed.